UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KHONDAKER M. HAQUE; SHAMSAD R.
KAZI; N.J. (Minor); R.M. (Minor); S.K. (Minor)

                Plaintiffs,

                v.

GEORGE W. BUSH, Former US President; TONY
BLAIR, Former British Prime Minister; BENJAMIN
NETANYAHU, Current Israeli Prime Minister;
MOSSAD, FORMER DIRECTOR OF MOSSAD
EFRAIM HALEVI; DICK CHENEY, FORMER US
VICE PRESIDENT; GEORGE J. TENET, Former
Director of CIA; CIA; NSA; REPUBLICAN PARTY;
DONALD RUMSFELD, Former US Secretary of
Defense; JOHN BOEHNER, Former US House Speaker;
JOHN R. BOLTON, Former US Ambassador to United
Nations; KARL ROVE, Former White House Senior
Advisor; PAUL WOLFOWITZ, Former US Secretary of
Defense; RUDOLPH GIULIANI, Former NYC Mayor;
COLIN POWELL, Former US Secretary of State;
CONDOLEEZZA RICE, Former US National Security
Advisor; JOHN ASHCROFT, Former Attorney General;
MICHAEL BLOOMBERG, Former NYC Mayor;
CHUCK SCHUMER, Senator; RAY KELLY, Former
NYC Police Commissioner; PETER KING, US
Congressman; JULIA PIERSON, Former Director of US
Secret Service (DHS); EDGE WEB HOSTING; PC
CONNECTION; DR. GALINA; and many unknown,

                Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 16 2017 ★
BROOKLYN OFFICE

**DECISION & ORDER**
17-CV-6043 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

    Khondaker M. Haque ("Haque") and Shamsad R. Kazi ("Kazi") (together, "Plaintiffs") bring the instant action against a multitude of defendants.[1] For the reasons discussed below, the Complaint, ECF No. 1, is DISMISSED.

---

[1] Plaintiffs' minor children, N.J., R.M., and S.K., are also named as plaintiffs in the caption of the Complaint. But Haque and Kazi may not bring claims on behalf of their minor children because a nonattorney can only represent

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> In deciding [a motion to dismiss], a district court must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff, and may dismiss the complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." This caution applies with greater force where the complaint is submitted *pro se* or the plaintiff alleges civil rights violations.

*Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (internal citations omitted) (quoting *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 212-14 (2d Cir. 2008) (describing lenient standard for *pro se* complaints alleging civil rights violations). Indeed, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and courts must read such complaints liberally and interpret them

---

himself in a *pro se* action; he may not represent others. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("Because [§ 1654] permits parties only to plead and conduct their own cases personally, we have held that an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause."); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child."). Furthermore, minor children "are entitled to trained legal assistance so their rights may be fully protected." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). In sum, only an attorney—not a nonattorney parent on his child's behalf and not a child himself or herself—can assert a child's claims in federal court. And where counsel is not appointed and a guardian fails to obtain counsel to assert the minors' claims, a court should dismiss the child's claims without prejudice. *See id.* at 62. The Court therefore dismisses the claims of N.J., R.M., and S.K., without prejudice.

    The Court further notes that Plaintiffs filed a similar action in the United States District Court for the Southern District of New York, which was dismissed on August 4, 2016. *See Haque v. Bloomberg*, 16-CV-5602 (VSB).

as raising the strongest arguments they suggest. *E.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nevertheless, the Court may dismiss a complaint "at any time" if the Court determines that complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (explaining a district court has inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous or the court lacks jurisdiction over the matter, even if plaintiff has already paid filing fee).

## DISCUSSION

Plaintiffs pleadings in this case warrant dismissal as factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Plaintiffs' Complaint sets forth conspiracy allegations against twenty-six named defendants and numerous others and requests that they be criminally prosecuted for their purported crimes,[2] which are namely that:

> Defendants and their agents threatened to kill, to prosecute criminally, threatened to inject cancer virus, sent powerful killer medications at Plaintiff's home and tried to prosecute at drug charges and deport from the country, published them in media, sent computer virus to destroy Plaintiff's home computer, and mentally abused while Plaintiff was driving yellow cab in NYC.

Compl. at 6, ¶ 18.[3] Plaintiffs further allege:

---

[2] The Court notes that, as a matter of law, private citizens simply do not have a constitutional right to compel government officials to arrest or prosecute another person. *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (per curiam) (explaining "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also Winfrey v. City of New York*, 17-CV-3028, 2017 WL 4570812, at *2 (E.D.N.Y. Oct. 11, 2017) (Hall, J.) ("Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." (quotation marks omitted) (quoting *Yashaahla v. M.H.A.N.Y.*, 05-CV-4963, 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) (Bianco, J.))).

[3] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

> Defendants and their secret agents inserted a wireless Night Vision Video Camera into Plaintiffs' bedroom by monitoring landlord's phone activities in the name of giving bed bugs medications in the house and published that video information in the media, Cartoons, radio and TV for two-three years which should be enforced by criminal RICO violations as well as civil and human rights.

*Id.* at 7, ¶ 25. And Plaintiffs assert:

> [Kazi] had been mentally and physically injured, disabled, and damaged by Defendant's [sic] criminal wrongful conducts which may have an equitable remedy designed in the public interest. Defendant's [sic] inserted sleep deprivation military device in the Plaintiff's bedroom which made [Kazi] sick day by day as part of these criminal predicates.

*Id.* at 7, ¶ 30. Such allegations can, under the law, be described only as "fanciful," "fantastic," and "delusional," *cf. Denton*, 504 U.S. at 33; *Samuel v. Bloomberg*, 13-CV-6027, 2013 WL 5887545, at *1 (E.D.N.Y. Oct. 31, 2013) (Cogan, J.), even under the very liberal reading courts accord *pro se* pleadings, and even if Plaintiffs aver them to be true.

## CONCLUSION

Since the Court finds that Plaintiffs' Complaint is devoid of any basis in law or fact, and that its defects cannot be cured by amendment, the Complaint is hereby DISMISSED with prejudice. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
November 14, 2017